IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARIBEL ROQUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-4097-TC-ADM |
| | ) | |
| WILLIAM BAYNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pro se plaintiff Maribel Roque filed this civil-rights action on October 6, 2025. That same day, Roque filed a motion for leave to proceed in forma pauperis. (ECF 2.) The motion is made on a pre-approved court form that required Roque to complete certain sections with a narrative response. Roque did so, but in Spanish, rather than English. This presents several problems.

First, neither the undersigned judge nor any member of her staff is fluent in Spanish. Second, the court has no authority to order the clerk of court to release funds to translate the motion into English. *See Gomez v. Myers,* 627 F. Supp. 183, 187 (E.D. Tex. 1985) ("Therefore, in absence of statutory authority, the Clerk cannot be ordered to pay for the costs of translating pleadings from a foreign language to the English language."); *Skudnov v. Russell*, No. CIV A 1:08CV-112-M, 2009 WL 32846, at *1 (W.D. Ky. Jan. 5, 2009) (citing *Gomez* and ordering plaintiff to re-file his complaint in English instead of Russian); *Arteaga v. Technicolor*, No. 3:19-cv-00349, 2020 WL 1905176, at *1 (M.D. Tenn. April 17, 2020) ("The Clerk of Court cannot be ordered to pay for the costs of translating pleadings from a foreign language to the English language."). Third, ample caselaw holds that court filings must be in English. *See, e.g., Ruiz v. N. Dist. of Cal.,* No. 2:20-CV-2025TLNDMCP, 2022 WL 705927, at *1 (E.D. Cal. Mar. 9, 2022) ("The Court cannot accept submissions in a language other than English."); *Arteaga*, 2020 WL 1905176, at *1 ("Federal court

filings must be in English, and documents written in another language must be filed with a translation."); *Ramirez-Solorio v. United States*, No. 111CR0264ATJFK3, 2017 WL 2350209, at *1 n.1 (N.D. Ga. May 31, 2017) ("Federal Court filings must be in English, and documents written in another language must be filed with a translation."); *United States v. Canales-Mendoza*, No. 3:14-CR-30016, 2017 WL 2992664, at *3 (W.D. Ark. June 23, 2017), report and recommendation adopted 2017 WL 2988270 (W.D. Ark. July 13, 2017) (dismissing habeas petition that was not in English); *Light for Life, Inc. v. Our Firm Found. for Koreans, Inc*., No. 3:12-CV-38 CAR, 2015 WL 631138, at *7 (M.D. Ga. Feb. 12, 2015) ("Without an English translation, the Court cannot consider this evidence on summary judgment."); *United States v. One 1988 Chevrolet Half-Ton Pickup Truck*, 357 F. Supp. 2d 1321, 1329 (S.D. Ala. 2005) ("It is not the responsibility of this Court to remedy Aguilas failure to transform Exhibit A into a comprehensible exhibit in an English-language court. As such, Exhibit A may properly be excluded from consideration here."); *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.")

Because the pertinent parts of Roque's motion for leave to proceed in forma pauperis are not in English, the court cannot consider it and therefore denies the motion on this basis. However, this denial is without prejudice to Roque re-filing the motion in English. If Roque does not either re-file the motion in English or pay the filing fee by **November 6, 2025,** the court will recommend that the district judge dismiss the action for failure to pay the fee.

Finally, the court notes that if Roque chooses to timely refile a motion for leave to proceed in forma pauperis, and if the court ultimately grants that motion, the court will then screen the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). As currently filed, Roque's complaint includes narrative descriptions of his claims in Spanish, rather than English. For the same reasons

set out above, Roque should strongly consider filing an amended complaint that is in English for the court's consideration.

**IT IS THEREFORE ORDERED** that Roque's motion for leave to proceed in forma pauperis (ECF 2) is denied without prejudice to resubmission in English.

The Clerk is directed to send a copy of this order to Roque via certified mail.

**IT IS SO ORDERED.**

Dated October 8, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
