**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARIBEL ROQUE,      )
      )
    Plaintiff,      )
      )
v.      )    Case No. 25-4097-TC-ADM
      )
WILLIAM BAYNE, et al.,      )
      )
    Defendants.      )

## <u>REPORT AND RECOMMENDATION</u>

On March 4, 2026, the court issued a Notice and Order to Show Cause to pro se plaintiff Maribel Roque, noting that there was no indication on the record that Roque had effected proper service on any defendant, and that the time permitted by Federal Rule of Civil Procedure 4(m) for so doing had expired. (ECF 24.) The court recognized that Roque had attempted to serve some defendants by certified mail, but explained that such attempted service was defective because Rule 4(c) requires service by a person who is not a party. The court informed Roque that, as a party to the case, he cannot effectuate service on any defendant, and that "[t]his prohibition extends to mailed service." (*Id.* 1-2). Going further, the court explained,

> Here, the docket reflects that Roque himself dispatched the summonses and complaints to defendants via certified mail. Each "proof of service" Roque filed indicates that he mailed the summonses himself, instead of a private process server or someone who meets Rule 4's requirements to be a process server (i.e., someone who is at least 18 and not a party). (ECF 19-21.) This does not satisfy Rule 4(c)(2)'s requirements.

(*Id.* at 2.)

The court then noted that Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made

1

within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  So the court set a deadline of March 20 for Roque "to show good cause in writing . . . why service of the summons and complaint was not made in this case upon each of the defendants within 90 days from the filing of the complaint and thus why the undersigned should not recommend that Roque's claims against them be dismissed without prejudice pursuant to Rule 4(m)."  (*Id.* at 3.)

Roque has not filed a response to the March 4 show-cause order, nor in any other way demonstrated good cause for failure to effectuate timely, proper service on defendants.  Although Roque filed an application for clerk's entry of default on March 13 in which he asserted he "has shown due diligence in serving all defendants," the certified mail receipts he attached to his application to support this assertion are the same certified mail receipts that the court analyzed in the show-cause order and deemed insufficient to effect service.  Thus, as the court already explained to Roque and as things still stand, he has neither corrected the service deficiencies the court previously identified nor responded to the court's order directing him to show good cause why he has not perfected service such that his claims should not be dismissed.  Accordingly, the court now recommends that the district judge dismiss this case without prejudice pursuant to Rule 4(m).

Roque may file specific written objections to this Report and Recommendation within fourteen days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); D. KAN. RULE 72.1.4(b).  If Roque fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the district judge dismiss Roque's claims without prejudice.

The Clerk is directed to mail a copy of this Report and Recommendation to Roque by certified mail.

Dated March 30, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge