**In the United States District Court
for the District of Kansas**

————————

Case No. 25-cv-04097-TC

————————

MARIBEL ROQUE,

*Plaintiff*

v.

WILLIAM BAYNE, ET AL.,

*Defendants*

————————

## ORDER ADOPTING REPORT & RECOMMENDATION

Maribel Roque filed this pro se action against several individual defendants alleging that the defendants violated the civil rights of her husband, Carlos Diaz. *See* Doc. 1. Roque objects to Magistrate Judge Angel Mitchell's Report and Recommendation that the claims be dismissed without prejudice pursuant to Rule 4(m) for failure to perfect service. Doc. 31 at 1. For the following reasons, the R&R is adopted.

Objections to a magistrate judge's recommended disposition must be "both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *accord Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus[ ] specifically 'on the factual and legal issues that [are] truly in dispute.'" *Wahpekeche v. Pettigrew*, 169 F.4th 1176, 1184 (10th Cir. 2026) (quoting *2121 E. 30th St.*, 73 F.3d at 1060).

Once a party timely files a written objection to an R&R, a de novo review is required of "those portions of the report" to which an objection is lodged. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a

1

magistrate's report are timely filed with the district court."). But for any portion of an R&R to which a party fails to make a proper objection, district courts have discretion to review the recommendation under any standard they deem appropriate. *Summers*, 927 F.2d at 1167–68; *cf. Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1152 (10th Cir. 2007) (holding failure to object firmly waives appellate review of R&R).

Roque is proceeding pro se, which requires a generous construction of her pleadings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, and apparent unfamiliarity with pleading requirements. *Id.* But it does not permit a court to construct legal theories on the plaintiff's behalf or assume facts not plead. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Roque's claims stem from an April 9, 2024, traffic stop. On that date, Corporal Evan Macklin of the Franklin County Sheriff's Office attempted to stop Diaz for a speeding violation. *See* Doc. 23 at 10. During the encounter, Diaz fled the scene, and a high-speed pursuit ensued. *See id.* at 9. Diaz eventually lost control of the vehicle, crashed it into a tree line and fence, and then ran away on foot. *See id.* at 5. Law enforcement eventually located him and took him into custody. *Id.*

Roque initially filed the Complaint in Spanish, Doc. 1, but she subsequently filed a version that translated the allegations into English, Doc. 17. It principally describes the alleged circumstances that led to Diaz's arrest and prosecution while being generally devoid of any facts or legal claims on behalf of Roque. Doc. 17 at 3–12. Roque also filed a motion for leave to proceed in forma pauperis, Doc. 2, and a motion for appointment of counsel, Doc. 3.

Diaz, whose name appears in the caption of the Complaint, was initially added to the docket. The Clerk's office subsequently removed him as a litigant because no lawyer entered an appearance to represent his interests, he did not sign or file any pleadings on his own behalf, and he may not be represented by another pro se litigant. *See* Doc. 4. As a result, Roque is the only plaintiff in this case.

Judge Mitchell initially denied Roque's motion to proceed in forma pauperis without prejudice and directed her to resubmit the motion in English. Doc. 6. Judge Mitchell also denied Roque's motion for appointment of counsel because the motion did not include any

"information on which [the court] could find appointing counsel to be justified." Doc. 7. Once Roque resubmitted the motion to proceed in forma pauperis in English, Doc. 8, that motion was granted, Doc. 13.

Serving the Complaint has been a problem. Roque initially attempted to effect service by personally delivering the Complaint to the defendants. Docs. 18–21. But recognizing that Federal Rule of Civil Procedure 4(c)(2) prevents a party from personally serving the defendant(s), Judge Mitchell issued a Notice and Order to Show Cause directing Roque to show cause by March 20, 2026, why the claims should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Doc. 24 at 3; *see also* Docs. 7, 8, and 13 (detailing efforts Judge Mitchell took to accommodate Roque's procedurally improper submissions). Roque did not respond. Thereafter, Judge Mitchell issued a Report and Recommendation recommending that Roque's claims be dismissed without prejudice pursuant to Rule 4(m) for failure to perfect service. Doc. 30 at 2. Roque timely filed an objection. Doc. 31.

Roque's objection is overruled. It fails to identify any factual or legal error. In fact, Roque expressly admits that she has failed to comply with Judge Mitchell's prior orders to effect service consistent with Rule 4. Doc. 31 at 1. The only response she offers is a request for guidance on how to "properly fulfill the proof of service requirement." *Id.* But courts may not provide aid or counsel to pro se litigants. *See Xingfei Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023). Moreover, it is unlikely that any advice would be followed: Judge Mitchell previously explained that Roque was responsible "for ensuring that summons and a copy of the English-language amended complaint is served on each defendant, as mandated by Federal Rule of Civil Procedure 4(c)." Doc. 16 at 1. Despite that, no curative action has been taken. And, even if it would be followed, it would be futile because the time in which to complete service has expired. Doc. 30 at 1; *cf. Constien v. United States*, 628 F.3d 1207, 1217 (10th Cir. 2010) (affirming district court's dismissal of the case where the plaintiff failed to properly effect service on any defendant after receiving notice from the court and the government that service was faulty). Accordingly, Judge Mitchell's R&R is adopted in full.

**IT IS THEREFORE ORDERED** that Roque's Objection to the Report and Recommendation, Doc. 31, is overruled. The Report and Recommendation, Doc. 30, is adopted in its entirety. Accordingly,

Roque's claims are dismissed without prejudice for failure to comply with Rule 4(m).

It is so ordered.


Date: April 15, 2026              _s/ Toby Crouse_____
                                  Toby Crouse
                                  United States District Judge